UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GAIL BEHRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13CV18 HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq,*. For the reasons set forth below, the Court affirms the Commissioner's[1] denial of Plaintiff's application.

### Facts and Background

Plaintiff was 53 years old at the time of the hearing. She did not complete high school, but received her GED. The ALJ found Plaintiff had the impairments

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

of: degenerative disc disease of the lumbar spine, chronic obstructive lung disease (COPD) with ongoing tobacco use, osteoarthritis, myalgia/arthralgia, depression, and anxiety, under 20 CFR 404.152(c).

At the September 22, 2010 hearing, Plaintiff testified that she is married, has two children and lives with her husband and two of her grandsons, ages 18 and 22 at the time. Plaintiff's husband is disabled.

Plaintiff has worked as a bartender, where she had to lift cases of beer and barrels. She worked in a grocery store where she unloaded trucks and put items on the shelves. She also worked in a restaurant as a server.

Plaintiff takes hydrocodone for pain. She takes Xanax and Lyrica, a stomach pill, and Dexalent and Delacour. Plaintiff uses oxygen and a nebulizer, and amitriptyline.

Plaintiff testified that she has pain in her right hip that sometimes goes down her leg. She said her left knee goes out on her. She testified she can only stand five or ten minutes while washing dishes. She can only walk for half a block before having to sit and rest for 15-20 minutes. She sometimes falls from dizziness. Plaintiff testified she could not carry a gallon of milk for half a block.

Plaintiff has osteoarthritis that makes her hands swell, with pain shooting up her arm. She cannot grasp. She has pain in her knees and elbows. She cannot

bend over to tie her shoes because of her COPD, which is smoking related. Plaintiff also has sleep apnea.

In a typical day, Plaintiff tries to fix her husband's breakfast, and is usually in the living room on the recliner, or lying down afterwards. She tries to fold laundry out of the dryer, but because her back goes out, she does not get it all done. Plaintiff likes to read, watches some TV, and naps about 30 minutes.

Plaintiff's grandsons testified that they perform household chores for Plaintiff and her husband.

A vocational expert also testified in response to the ALJ's hypothetical questions. The VE testified that Plaintiff could perform work that is limited to a range of light work, lifting 20 pounds occasionally, 10 pounds frequently. Standing and walking a total of six hours in an eight hour work day, sitting six hours in an eight hour work day, no ladders, ropes or scaffolds. Balancing, kneeling, crouching, crawling, stooping, and climbing ramps and stairs occasionally, no concentrated exposure to pulmonary irritants, and no prolonged exposure to extreme humidity, and routine tasks.

The VE testified that Plaintiff's sales attendant job would satisfy these limitations.

Plaintiff's application for social security under Titles II, 42 U.S.C. §§ 401,

*et seq.*, was denied on March 11, 2010. On December 23, 2011, the ALJ issued an unfavorable decision. On December 3, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011)

(discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by

comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since August 2, 2006, the alleged onset date of disability. At Step Two, the ALJ found

that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, chronic obstructive lung disease (COPD) with ongoing tobacco use, osteoarthritis, myalgia/arthralgia, depression, and anxiety, under 20 CFR 404.1520(c). At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to life and carry up to 20 pounds occasionally and up to 10 pounds frequently, to sit six out 6 hours in an 8 hour work day, and to stand and/or walk a combined 6 hours. Plaintiff does need the freedom to change position for 1 to 2 minutes every hour, can only occasionally bend, kneel, crouch, crawl, stoop, and climb ramps and stairs, and can never climb ladders, ropes or scaffolds. In addition, Plaintiff must avoid concentrated exposure to pulmonary irritants and prolonged exposure to extreme humidity. Plaintiff is limited to simple and routine tasks, or semi-skilled tasks with which she is already familiar.

At Step Four, the ALJ determined that Plaintiff is able to perform her past relevant work as a sales attendant, therefore, the ALJ was not required to proceed to Step Five.

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th

Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ failed to follow SSR 96-8p, (2) the ALJ improperly weighed the medical opinions, (3)the ALJ rejected Plaintiff's impairments of Sleep Apnea and Myalgia/Arthralgia, (4) the ALJ improperly rejected Plaintiff's testimony.

**RFC and Medical Evidence**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the

claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Plaintiff argues that the ALJ failed to provide any basis for how he formulated Plaintiff's RFC. The ALJ explicitly considered Plaintiff's subjective allegations and did determine that Plaintiff's complaints were not entirely credible. She originally alleged she was disabled in August, 2006, however, there are no medical records to indicate that her medical condition had changed as of that date. She amended her onset date to January 1, 2009, since she apparently worked after the 2006 onset date.

Plaintiff's treatment was conservative. She did not seek emergency care, and none of her doctors referred her to a specialist. Plaintiff had a few x-rays and MRI scans. These showed Plaintiff's defects to be fairly mild. Plaintiff had a slight limp, but she did not have loss of strength or loss of gait consistent with her inability to stand, walk, and lift as she claimed. Plaintiff's treating physician, Dr. Rubi, noted she had some spasm and tenderness in her lower back, but her gait, strength and range of motion all remained normal. The office visits were classified as routine. Dr. Rubi did not limit Plaintiff's activities.

Dr. Willey's treatment notes did not demonstrate any difficulty with walking or sitting.  He did not restrict Plaintiff's activities.

The ALJ assessed the medical opinion testimony and he gave specific reasons for rejecting the opinions.  There was no objective medical evidence to support their findings, and the opinions were inconsistent with their own and other clinical reports.

The ALJ's RFC finding is clearly based upon the record as a whole.  The ALJ summarized Plaintiff's testimony regarding his limitations, the treatment notes regarding his impairments, the medical opinions in the record, Plaintiff's representations in his disability report, and the ALJ's credibility findings.  The ALJ applied the proper standard to the facts before him and his determination of Plaintiff's RFC is supported by the record as a whole.

**Plaintiff's impairments of Sleep Apnea and Myalgia/Arthralgia and Plaintiff's testimony**

As Defendant correctly notes regarding Plaintiff's medical records, Plaintiff cites no medical evidence to support her claim of "severe fatigue."  She reported sleeping through the night in October, 2010 and she was much better with the CPAP and medication adjustments.   No further development of the record regarding Plaintiff's myalgia/arthralgia was required.  The ALJ considered Plaintiff's allegations of pain and indeed, included into his limitations certain restrictions based on Plaintiff's subjective pain.  When analyzing a claimant's

subjective complaints of pain, the ALJ must consider the five factors from Polaski v. Heckler: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each Polaski consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ cited the Polaski factors in his decision and actually credited many of subjective complaints of pain. To the extent the ALJ discredited or discounted Plaintiff's assertion that her pain was completely disabling, the Court finds the ALJ provided good reasons supported by substantial evidence. The ALJ noted the medical records did not support Plaintiff's claims. Because the ALJ properly applied Polaski and provided valid reasons for discounting Plaintiff's testimony, the Court finds the ALJ did not err in discounting the most severe subjective complaints of pain. *McDade v. Astrue*, 720 F.3d 994 (8th Cir. 2012).

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 10th day of February , 2014.

_____
   HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE